IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:14-CR-00018-RLV-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BRENDA WYATT TRIPLETT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the Defendant's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (2012) (the "Motion"). (Doc. 24). Defendant has also filed a letter in support of her Motion. (Doc. 25). For the following reasons, Defendant's Motion (Doc. 24) is **DENIED**.

Defendant pled guilty to one count of conspiracy to distribute, possess with the intent to distribute and manufacture methamphetamine, in violation of 21 U.S.C. § 846. (Doc. 17 at 1). The Court sentenced Defendant to a term of imprisonment of 120 months. *Id.* at 2. In her Motion, Defendant seeks a sentence reduction through the retroactive application of U.S. Sentencing Guidelines Amendment 794, which clarifies the requirements for reducing a defendant's offense level based upon a defendant's "minor" or "minimal" role in an offense under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.2. Specifically, Defendant asks the Court to grant a "minor role" reduction to her offense level, which would result in a two-level reduction from the total offense level of thirty-two to a total offense level of thirty. *See* U.S.S.G. § 3B1.2(b); (*see also* Doc. 15 at 2; Doc. 12 at 10-11).

Once a term of imprisonment has been imposed it is generally considered to be "final for all purposes." 18 U.S.C. § 3582(b). Narrow exceptions exist that permit a court to modify a term

1

of imprisonment. *See* 18 U.S.C. § 3582(b), (c). A court is only permitted to modify a term of imprisonment "if the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or [Fed. R. Crim. P.] 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). Here, the Director of the Bureau of Prisons has not moved for a reduction, the Government has not filed a Fed. R. Crim. P. 35 motion, and there is no statute expressly permitting the Court to reduce Defendant's sentence. However, the Sentencing Commission has amended U.S.S.G. § 3B1.2 through its adoption of Guidelines Amendment 794.

The Court may "reduce a defendant's term of imprisonment when the Commission has subsequently lowered his or her sentencing range and made that reduction retroactive." *United States v. Dunphy*, 551 F.3d 247, 250 (4th Cir. 2009). Section 3582(c)(2) states that "upon motion of the defendant . . . the court may reduce the term of imprisonment . . ., *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." § 3582(c)(2) (emphasis added). The applicable policy statement is U.S.S.G. § 1B1.10, which provides as follows:

> [i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a). The United States Court of Appeals for Fourth Circuit has held that amendments may receive retroactive application only when listed in U.S.S.G. § 1B1.10([d])[1].

---

[1] The Sentencing Guidelines were amended on November 1, 2014 to include Amendment 780, which "redesignat[ed]" subsection (c) as subsection (d). U.S.S.G App. C, amdt. 780 ("[s]ection 1B1.10 is amended in each of subsections (a)(1), (a)(2)(B), and (b)(1) by striking 'subsection (c)' each place such term appears and inserting 'subsection (d)'; [and] by redesignating subsection (c) as subsection (d)[.]").

*Dunphy*, 551 F.3d at 249 n.2 ("A guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.109([d])."); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015) (noting § 1B1.10(d) "lists the Guidelines amendments designated by the Commission for retroactive application in a § 3582(c)(2) proceeding"). As of the date of this Order, Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as one of the amendments to be applied retroactively. *United States v. Welch*, ___ F. App'x ___, 2017 WL 1241970, at *1 (4th Cir. Apr. 4, 2017) ("Guidelines § 1B1.10(d), p.s., lists the amendments that receive retroactive application, and the list does not include Amendment 794."). Therefore, a reduction in Defendant's sentence is not consistent with the policy statement because Amendment 794 does not apply retroactively to sentences that have become final. *See Kemp v. United States*, 2017 WL 455403, at *1 (E.D.N.C. Feb. 2, 2017).

Defendant, in her letter in support of her Motion, raises a medical concern, representing that she is "awaiting cardiac surgery due to two aneurisms in her heart." (Doc. 25). "The court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A). "A prisoner's serious medical condition may amount to an 'extraordinary and compelling reason' however, where the Bureau of Prisons has not moved to reduce the terms of a defendant's sentence, the [c]ourt may not modify a term of imprisonment on grounds of a medical condition." *Garafola v. United States*, 909 F. Supp. 2d 313, 339 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) ("A district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons."). Accordingly, at

present, this Court lacks the authority to provide Defendant any relief based on her alleged heart condition.

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc.24) is **DENIED**.

Signed: June 23, 2017

Richard L. Voorhees
United States District Judge